**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| OLNSEGUN AYODELE, | : | |
| | : | Civil No. 11-1709 (PGS) |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | **OPINION** |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |

**APPEARANCES:**

OLNSEGUN AYODELE, Petitioner pro se
Pike County Correctional Facility
175 Pike County Blvd.
Lords Valley, Pennsylvania 18428

**SHERIDAN, District Judge**

This matter is before the Court on the motion of Olnsegun Ayodele ("Ayodele") pursuant to 28 U.S.C. § 2255, to vacate or correct an illegal sentence. Ayodele was confined at the Clinton County Correctional Facility in McElhattan, Pennsylvania, at the time he submitted his motion for filing. He is currently confined at the Pike County Correctional Facility in Lords Valley, Pennsylvania. For the reasons set forth below, the Court will dismiss the petition for lack of jurisdiction.

I.   BACKGROUND

Petitioner brings this action under 28 U.S.C. § 2255, challenging a conviction based on due process violations under the Fifth, Sixth and Fourteenth Amendments.  Petitioner does not provide any information regarding the conviction under attack, namely, he does not provide the date of, or the court where, judgment of conviction was entered.  However, it appears that he is no longer confined pursuant to the unidentified federal court conviction as Petitioner is now detained at the Pike County Correctional Facility in Lords Valley, Pennsylvania, while awaiting his removal from the United States.  See Ayodele v. Holder, Civil No. 11-1927 (CCC).

II. DISCUSSION

A.   Legal Standards for § 2255 Motions

Section 2255 provides relief to a federal prisoner seeking release from incarceration on any one of the following grounds: (1) the imposed sentence violates the Constitution or laws of the United States; (2) the court did not have jurisdiction to impose the sentence, (3) the sentence exceeds the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack.  A petition for habeas relief under § 2255 will be granted "only if the sentence results in a 'fundamental defect which inherently results in a complete miscarriage of justice' or 'an omission inconsistent with the rudimentary demands of fair

procedure.'"   <u>United States v. Cannistraro</u>, 734 F. Supp. 1110, 1119 (D.N.J.), <u>aff'd</u>, 919 F.2d 133 (3d Cir. 1990), <u>cert</u>. <u>denied</u>, 500 U.S. 916 (1991)(quoting <u>Hill v. United States</u>, 368 U.S. 424, 27 (1962)).

A district court, in considering a § 2255 petition, must "accept the truth of the [petitioner's] factual allegations unless they are clearly frivolous on the basis of the existing record." <u>United States v. Booth</u>, 432 F.3d 542, 545 (3d Cir. 2005)(citation omitted)(internal quotation marks omitted).  If the § 2255 petition and the underlying case record show conclusively that the petitioner is not entitled to relief, the district court is not required to hold an evidentiary hearing. <u>See</u> <u>Gov't of V.I. v. Forte</u>, 865 F.2d 59, 62 (3d Cir. 1989). Under Rule 4(b) of the Rules Governing § 2255 Proceedings (2011): "[i]f it plainly appears from the [petition], any attached exhibits, and the record of prior proceedings that the [petitioner] is not entitled to relief, the judge must dismiss the [petition] and direct the clerk to notify the [petitioner]."

B.   <u>Jurisdiction Is Lacking</u>

Ayodele brings this action under 28 U.S.C. § 2255.  A § 2255 motion is the presumptive means for a federal prisoner to challenge his sentence or conviction.  <u>See</u> <u>Okereke v. United States</u>, 307 F.3d 117, 120 (3d Cir. 2002); <u>United States v.</u>

Miller, 197 F.3d 644, 648 n. 2 (3d Cir. 1999).  In particular,

Section 2255 provides:

> (a) A prisoner *in custody* under sentence of a court
> established by Act of Congress claiming the right to be
> released upon the ground that the sentence was imposed in
> violation of the Constitution or laws of the United States,
> or that the court was without jurisdiction to impose such
> sentence, or that the sentence was in excess of the maximum
> authorized by law, or is otherwise subject to collateral
> attack, may move the court which imposed the sentence to
> vacate, set aside or correct the sentence.
>
> ...
>
> (e) An application for a writ of habeas corpus in behalf of
> a prisoner who is authorized to apply for relief by motion
> pursuant to this section, shall not be entertained if it
> appears that the applicant has failed to apply for relief,
> by motion, to the court which sentenced him, or that such
> court has denied him relief, unless it also appears that the
> remedy by motion is inadequate or ineffective to test the
> legality of his detention.

(Emphasis added).

Thus, Section 2255 empowers the district court to grant

relief to persons now or soon to be in custody serving one of its

sentences, but does not empower the district court to grant

relief to someone it has never sentenced or to someone it has

sentenced but whose sentence has expired, and same was true as to

defendant in custody under later sentence, following expiration

of sentence to which he sought to assert objection.  See Lewis v.

United States, 902 F.2d 576, 577 (7th Cir.), cert. denied, 498

U.S. 875 (1990); U.S. v. Correa-De Jesus, 708 F.2d 1283 (7th

Cir.), cert. denied 464 U.S. 1010 (1983).

4

Here, Petitioner is no longer confined pursuant to the
federal conviction he purportedly seeks to challenge.  Rather,
Petitioner is an immigration detainee confined pending his
removal from the United States.  Thus, he does not appear to
satisfy the "in custody" requirement.[1]  See Neyor v. I.N.S., 155
F. Supp.2d 127, 132-33 (D.N.J. 2001)(the "in custody" language of
the habeas corpus statute requires that the petitioner be in
custody under the conviction or sentence being challenged at the
time the petition is filed).

However, a writ of *error coram nobis* has traditionally been
used to attack convictions with continuing consequences when the
petitioner is no longer "in custody" for purposes of habeas
review.  United States v. Baptiste, 223 F.3d 188, 189 (3d Cir.
2000).  "In federal courts the authority to grant a writ of *coram
nobis* is conferred by the All Writs Act, which permits 'courts
established by Act of Congress' to issue 'all writs necessary or
appropriate in aid of their respective jurisdictions.'"[2] United

---

[1]  Moreover, because Petitioner has not identified the
federal conviction he challenges here, or when it was imposed, it
is not clear whether this § 2255 motion was timely filed under 28
U.S.C. § 2255(f).

[2]  A writ of error coram nobis is a rare and extraordinary
form of relief available to federal courts in criminal matters
under the All Writs Act, 28 U.S.C. § 1651(a). United States v.
Stoneman, 870 F.2d 102, 105-06 (3d Cir.), cert. denied, 493 U.S,
891 (1989).  The writ "is used to attack allegedly invalid
convictions which have continuing consequences, when the
petitioner has served his sentence and is no longer 'in custody'
for purposes of 28 U.S.C. § 2255." Stoneman, 870 F.2d at 105-06.

States v. Denedo, 556 U.S. 904, 129 S.Ct. 2213, 2221, 173 L.Ed.2d 1235 (2009)(quoting 28 U.S.C. § 1651(a)).  However, the writ of *error coram nobis* is available in federal court only for those who were convicted in federal court.  28 U.S.C. 1651(a); Neyor, 155 F. Supp.2d at 136.

Here, this Court could find no record that Petitioner has been convicted in the District of New Jersey, and he fails to identify in this action the place and date of his conviction

---

Moreover, it is only appropriate to "correct errors for which there was no remedy available at the time of trial and where 'sound reasons' exist for failing to seek relief earlier." Id. at 106.

Due to the courts' significant interest in finality of judgments, and because the writ is so extraordinary, the standard for a successful collateral attack is more stringent than that of § 2255 petitions.  Stoneman, 870 F.2d at 106.  There must be errors of fact "of the most fundamental kind" that "must go to the jurisdiction of the trial court, thus rendering the trial itself invalid."  Id.; United States v. Morgan, 346 U.S. 502 (1954).  There must be a complete miscarriage of justice.  Jimenez v. Trominski, 91 F.3d 767, 768 (5th Cir. 1996).  The remedy is so extreme that the Supreme Court observed it "is difficult to conceive of a situation in a federal criminal case today where [a writ of coram nobis] would be necessary or appropriate."  Carlisle v. United States, 517 U.S. 416, 429 (1996)(alteration in original) (citation omitted).

As a threshold matter, the petitioner must show that the conviction carries "continuing consequences," that there "was no remedy available at trial," and that "sound reasons exist for failure to seek relief earlier."  Stoneman, 870 F.2d at 106 (internal quotations omitted).  See also United States v. Babalola, 248 Fed. Appx. 409, 412 (3d Cir.2007).  "[D]eportation is a particularly severe penalty," Padilla v. Kentucky, 130 S.Ct. 1473, 1481 (U.S. March 31, 2010)(internal citations omitted), and qualifies as the type of continuing consequence that may warrant coram nobis relief.  However, here, Petitioner has failed to demonstrate "sound reasons" for his delay in seeking relief, and has not shown that the conviction was entered in this Court.

under attack.  In an earlier filing by Petitioner, <u>Ayodele v.</u>
<u>Essex County Superior Court, et al.</u>, Civil No. 10-4480 (PGS),
Petitioner referred to a state court conviction in his pleading
and recited facts related to that conviction similar to the
allegations asserted in the instant action.  Thus, it appears
that Petitioner may be attempting to challenge an expired state
court conviction.  Consequently, the Court cannot construe
Petitioner's action as a motion under 28 U.S.C. § 2255 or as a
writ of *error coram nobis* under 28 U.S.C. § 1651(a), where he is
not challenging a federal conviction imposed in this Court.
Instead, Petitioner's only course for relief from the collateral
consequences of his expired state conviction is to bring a common
law writ of *error coram nobis,* or a petition for post conviction
relief, in the state court where he was convicted.

Therefore, the Court will dismiss this habeas action for
lack of jurisdiction under either 28 U.S.C. § 2255 or the All
Writs Act, 28 U.S.C. § 1651(a).

IV.  <u>CERTIFICATE OF APPEALABILITY</u>

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or
judge issues a certificate of appealability, an appeal may not be
taken from a final order in a proceeding under 28 U.S.C. § 2255.
A certificate of appealability may issue "only if the applicant
has made a substantial showing of the denial of a constitutional
right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this

7

standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." <u>Miller-El v. Cockrell</u>, 1537 U.S. 322 (2003).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).

Here, jurists of reason would not find the Court's procedural disposition of this case debatable.  Accordingly, no certificate of appealability will issue.

## CONCLUSION

Based upon the foregoing, the petition will be dismissed for failure to satisfy the "in custody" requirement under 28 U.S.C. § 2255(a), and because a writ of error coram nobis under 28 U.S.C. § 1651(a) is not available where Petitioner cannot show that the conviction under attack was entered in this District Court. No certificate of appealability will issue. An appropriate Order accompanies this Opinion.


                              _s/Peter G. Sheridan_____
                              PETER G. SHERIDAN
                              United States District Judge

Dated: January 16, 2012